**Fray Martin GUTIERREZ–VEGA, Petitioner,**

v.

**John ASHCROFT, U.S. Attorney General, Respondent.**

No. 03–60755.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 17, 2003.

Simon M. Azar–Farr, Simon Azar–Farr & Associates, San Antonio, TX, for Petitioner.

---

Brenda M O'Malley, US Department of Justice, Office of Immigration Litigation, Washington, DC, Kenneth L. Pasquarell, Acting District Director, US Immigration & Naturalization Service, District Directors Office, San Antonio, TX, Linda S. Wernery, Thomas Ward Hussey, Director, John Ashcroft, pro se, US Department of Justice, Washington, DC, Caryl G. Thompson, US Immigration & Naturalization Service, District Directors Office, New Orleans, LA, for Respondent.

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM.[1]

Fray Martin Gutierrez–Vega ("Gutierrez"), a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the immigration judge's ("IJ") decision ordering removal. *See* 8 U.S.C. §§ 1229a, 1182(a)(6)(A)(i). Because the BIA summarily affirmed without opinion, the IJ's decision is the final agency determination for judicial review. *See Soadjede v. Ashcroft*, 324 F.3d 830, 832 (5th Cir. 2003). Gutierrez has abandoned the issue of the denial of his application for voluntary departure by failing to address that issue in his petition for review. *See Calderon–Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir.1986).

Gutierrez argues that he is not subject to removal on grounds of inadmissibility as charged in the Notice to Appear. *See* 8 U.S.C. § 1182(a)(6)(A)(i). He contends that he was granted temporary resident status as a special agricultural worker ("SAW") under 8 U.S.C. 1160(a) and that

by operation of law, he thereafter became a permanent resident. In the removal proceedings before the IJ, Gutierrez had the "burden of establishing" that he was "clearly and beyond doubt entitled to be admitted and [was] not inadmissible." *See* 8 U.S.C. § 1229a(c)(2)(A). The record does not compel a finding contrary to the IJ's finding that Gutierrez "was never granted [temporary resident] status." *See* 8 U.S.C. § 1252(b)(4)(B). The IJ's decision that Gutierrez was inadmissable is not "manifestly contrary to law." *See* 8 U.S.C. § 1252(b)(4)(C).

Accordingly, the petition for review is DENIED.

---

**1.** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.